UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TRACY SMITH, | ) | 1:11-cv-00193-GSA-PC |
| Plaintiff, | ) ) ) | ORDER ADDRESSING PLAINTIFF'S MOTION FOR CLARIFICATION |
| vs. | ) ) | (Doc. 7) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | ) ) ) | |
| Defendants. | ) ) | |

Tracy Smith ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action. This action was filed on January 24, 2011 at the Sacramento Division of the United States District Court for the Eastern District of California, and transferred to the Fresno Division on February 3, 2011. (Docs. 1, 3.) On February 8, 2011, the Court issued an order requiring Plaintiff to pay the $350.00 filing fee for this action or submit an application to proceed in forma pauperis, within forty-five days. (Doc. 5.) On February 22, 2011, Plaintiff consented to the jurisdiction of a United States Magistrate and filed a motion for clarification of jurisdiction and to correct the record. (Docs. 6, 7.)

Plaintiff questions the Court's authority to adjudicate this action as a civil rights action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff asserts that he submitted his Complaint to the Federal Bureau of

---

[1] The Civil Rights Act provides that: "Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

1

Investigation (F.B.I.) requesting an inquiry under 18 U.S.C. §241/242 and did not intend to file a § 1983 action at the Court. Plaintiff vehemently denies that he ever filed a § 1983 civil lawsuit with this Court.

Plaintiff's Complaint alleges that unnamed prison officials employed at the Sierra Conservation Center, where Plaintiff is presently incarcerated, have implanted him with a device which emits electromagnetic waves and enables officials to subject him to electric shocks. In the Complaint, Plaintiff requests a criminal investigation under 18 U.S.C. §241/242 by the F.B.I. into the allegations that he is being tortured.

Plaintiff is advised that he has an absolute right under Rule 41(a)(1) of the Federal Rules of Civil Procedure to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. Id. The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Concha, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. Id. Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997).

Plaintiff is also advised that if he elects to proceed with this action, he will be liable for the $350.00 filing fee for this action. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action, even if he proceeds in forma pauperis. 28 U.S.C. 1915(b)(1). If the Court grants Plaintiff's application to proceed in forma pauperis, the prison shall be directed to make monthly payments to the Court for the filing fee from Plaintiff's prison trust account. 28 U.S.C. § 1915(b)(2).

///

If Plaintiff wishes to dismiss this action, he should file a notice entitled "Notice of Voluntary Dismissal of This Action under Rule 41(a)(1)." In light of Plaintiff's assertion that he did not intend to file an action at this Court, Plaintiff shall not be held liable for the $350.00 filing fee <u>if he files a notice of voluntary dismissal of this action within thirty days</u>. If Plaintiff elects to proceed with this action, he must either pay the $350.00 filing fee for this action or submit an application to proceed in forma pauperis, pursuant to the Court's order of February 8, 2011.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for clarification, filed on February 22, 2011, is RESOLVED by this order;

2. If Plaintiff elects to dismiss this action and files a "Notice of Voluntary Dismissal of This Action under Rule 41(a)(1)" within thirty days of the date of service of this order, Plaintiff shall not be held liable for the $350.00 filing fee for this action; and

3. If Plaintiff elects to proceed with this action, he must either pay the $350.00 filing fee for this action or submit an application to proceed in forma pauperis, pursuant to the Court's order of February 8, 2011.

IT IS SO ORDERED.

**Dated:**   <u>**February 24, 2011**</u>                         <u>  /s/ **Gary S. Austin**  </u>
                                                                                                UNITED STATES MAGISTRATE JUDGE