IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TRACY SMITH, | ) | 1:11-cv-00193-GSA-PC |
| Plaintiff, | ) ) | ORDER DISMISSING CASE, WITHOUT PREJUDICE, FOR FAILURE TO OBEY A COURT ORDER |
| vs. | ) ) | (Doc. 5.) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | ) ) ) | ORDER FOR CLERK TO CLOSE CASE |
| Defendants. | ) ) ) | |

Tracy Smith ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 24, 2011. (Doc. 1.) On February 22, 2011, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance. (Doc. 6.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On February 8, 2011, the Court issued an order requiring Plaintiff to either pay the $350.00 filing fee for this action, or to submit an application to proceed in forma pauperis, within thirty (30) days. (Doc. 5.) Plaintiff was forewarned in the Court's order that "Failure to comply with this order will result

1

in dismissal of this action." (Id. at 2.) Plaintiff was also cautioned in the Court's order of February 24, 2011, that "If Plaintiff elects to proceed with this action, he must either pay the $350.00 filing fee for this action or submit an application to proceed in forma pauperis, pursuant to the Court's order of February 8, 2011." (Doc. 8 at 2 ¶3.) More than sixty (60) days have passed, and Plaintiff has not paid the filing fee, submitted an application, or otherwise responded to the Court's order.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since January 24, 2011.  Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case.  In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by resolving the issue of the filing fee for this action.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to pay the filing fee in the first instance and to respond to the Court's order in the second instance that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Because the issue here is payment of the filing fee, monetary sanctions are of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.  However, inasmuch as the dismissal being considered in this case

1 is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal
2 with prejudice.
3     Finally, because public policy favors disposition on the merits, this factor will always weigh
4 against dismissal. Id. at 643.
5     Based on the foregoing, IT IS HEREBY ORDERED that:
6     1.    This action is DISMISSED, without prejudice, based on Plaintiff's failure to obey the
7         Court's order of February 8, 2011; and
8     2.    The Clerk is DIRECTED to close this case.

10   IT IS SO ORDERED.
11   Dated:   **April 14, 2011**           /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

3