# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY SMITH, | 1:11-cv-00193-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| vs. | (Doc. 15.) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

## I. BACKGROUND

Tracy Smith ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. On August 19, 2009, Plaintiff consented to the jurisdiction of a United States Magistrate Judge, and no other party has appeared in this action. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

This action was dismissed on April 14, 2011, without prejudice, based on Plaintiff's failure to obey the Court's order of February 8, 2011 which required him to either pay the filing fee for this action or submit an application to proceed in forma pauperis, within thirty days. (Doc. 13.) On May 13, 2011, Plaintiff filed a motion entitled "Motion to Quash Federal Court Filing Fee and to Excuse

Complainant's Tardiness in Failing to Reply to Court Orders ...," which the Court shall treat as a motion for reconsideration of the Court's order dismissing this action. (Doc. 15.)

## II. MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff moves the Court to re-open this case, excuse the payment of the filing fee, and grant him leave to file a federal writ of mandamus to compel an investigation by FBI officials into his allegations that defendants implanted him with a device. Plaintiff maintains that although he received the Court's order of February 8, 2011, he failed to respond because he was transferred from Sierra Conservation Center to Mule Creek State Prison and did not have access to his legal materials.

Plaintiff's argument that he required legal materials to comply with the Court's order is without basis. The Court's order required Plaintiff to either complete and return an application to proceed in forma pauperis, which the Court provided to Plaintiff, or pay the $350.00 filing fee for this action. Neither of these options required Plaintiff to refer to legal materials. Plaintiff's case was dismissed without prejudice and without obligation to pay the $350.00 filing fee. Plaintiff has not

1  shown clear error or other meritorious grounds for relief, and has therefore not met his burden as the
2  party moving for reconsideration. <u>Marlyn Nutraceuticals, Inc.</u>, 571 F.3d at 880. Therefore, the
3  motion for reconsideration shall be denied.

4  **III.    CONCLUSION**

5  Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for
6  reconsideration, filed on May 13, 2011, is DENIED.

8  IT IS SO ORDERED.

9  Dated:   **May 23, 2011**                    **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE